[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15571
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00023-MSS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY MACK,
a.k.a. Jeffery R. Mack,
a.k.a. Jeffery Raymond Mack,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2011)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

After a jury trial, Jeffery Mack appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & (e)(1). After review, we affirm.

On appeal, Mack argues that the district court erred by not striking the testimony of Virgie May Counts or declaring a mistrial because the government failed to timely disclose Counts's prior statement to law enforcement as required by the Jencks Act.[1]

The Jencks Act provides in pertinent part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement [] of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. . . .

18 U.S.C. § 3500(b). If the government does not comply, "the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared." Id. § 3500(d).

---

[1]We generally review a district court's enforcement of Jencks Act disclosure requirements for abuse of discretion. United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006). However, when, as here, the defendant did not object under the Jencks Act in district court, our review is for plain error. Id. To establish plain error, the defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

The general rule for Jencks Act material is that a defendant is required to request disclosure following a witness's direct testimony. Schier, 438 F.3d at 1112. "Thus, it is only upon the defendant's request that a district court exercises its discretion as to the production of Jencks materials." Id. If a defendant fails to make such a request, then there is no error, plain or otherwise, under the Jencks Act. See id.

A district court does not abuse its discretion in failing to strike testimony or grant a new trial based on an alleged Jencks Act violation if the record does not establish that federal authorities possessed the statement in question. See United States v. Naranjo, 634 F.3d 1198, 1211 (11th Cir. 2011). "A statement is in the possession of the United States for Jencks Act purposes if it is in the possession of a federal prosecutorial agency." Id. (quotation marks omitted). A report is not in possession of the United States if it was obtained by state authorities during their own investigation but never sent to federal authorities. See id. at 1212.

Here, the district court committed no error, plain or otherwise. First, Mack did not request Jencks material after Counts testified. Rather, it was the district court that inquired as to whether the government had turned over the statement Counts described during her testimony. Second, the record shows that the government never had possession of a written statement by Counts. To the extent

Counts's written statement existed, it was made to state law enforcement and was not sent to federal prosecutors.[2] Given that Mack did not request Jencks Act material or show that the government possessed such material, the district court did not err by failing to strike Counts's testimony or grant a mistrial.

Additionally, Mack argues that 18 U.S.C. § 922(g) is unconstitutional on its face and as applied to him because: (1) Congress acted outside its Commerce Clause power by regulating non-economic criminal activity that does not substantially affect interstate commerce; and (2) there was no evidence the firearm he possessed traveled in interstate commerce.[3]

This Court previously has rejected the constitutional challenges to 18 U.S.C. § 922(g) that Mack asserts. In United States v. Wright, 607 F.3d 708 (11th Cir. 2010), this Court concluded that: (1) the phrase "in or affecting commerce" in § 922(g) indicates a congressional intent to assert its full Commerce Clause power; (2) to show that a firearm substantially affected interstate commerce, the

---

[2]After consulting with Counts and Orange County Sheriff's Office Deputy Andrew Williams, the government advised that when Counts testified that she gave a statement to state law enforcement officers, Counts meant that she had filled out her name and contact information in case she needed to testify in the future, but that she did not fill out, or have filled out for her, a long dissertation of the facts she witnessed. Further, the government stated that it had looked through the entire case file and confirmed it had no written statement by Counts.

[3]Because Mack raises his Commerce Clause challenges for the first time on appeal, we review only for plain error. United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).

government need only prove some minimal nexus to interstate commerce, which it may accomplish by demonstrating that the firearm possessed traveled in interstate commerce; and (3) § 922(g) is not unconstitutional as applied to a defendant if the government shows that the firearm involved was manufactured outside the state in which the offense took place.  Id. at 715-16.

Mack and the government stipulated that the firearm and ammunition he possessed crossed the state line prior to their recovery in Florida.  Thus, the government showed the required interstate commerce nexus.  Accordingly, § 922(g) is constitutional on its face and as applied to Mack.

**AFFIRMED.**